IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roger Smith, | ) | |
| | ) | C/A No. 3:17-cv-680-MBS-SVH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Catherine Robison, Individually as an officer | ) | |
| with the City of Columbia Police Department; | ) | |
| and Todd Coey, Individually as a State | ) | |
| Constable, | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 13, 2017, Plaintiff Roger Smith ("Plaintiff") filed this civil rights action

against Catherine Robison (City of Columbia Police Department Officer) and Todd Coey (State

Constable with the South Carolina Law Enforcement Division (SLED))("Defendants"). In

accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to

United States Magistrate Judge Shiva V. Hodges for pretrial handling. This matter is now before

the court for review of the Magistrate Judge's Report and Recommendation.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on March 23, 2014, he was stopped at a traffic light in Columbia,

South Carolina. Defendant Coey looked into Plaintiff's passenger side window and questioned

Plaintiff about a cup Plaintiff was holding. ECF No. 1 at 2. Defendant Coey reached inside of

Plaintiff's vehicle to grab the cup. Id. Plaintiff asserts that Defendant Robison attempted to

physically extract him from his vehicle. Id. Plaintiff was arrested and charged with being drunk in

public, resisting arrest, and violating open container laws. Id. at 3. Plaintiff received a directed

verdict on his open container and drunk in public charges; he was acquitted of his resisting arrest

charge. Id. Through counsel, Plaintiff filed this action on March 13, 2017, asserting that Defendants violated his Fourth Amendment rights under 42 U.S.C. § 1983. Id.

On August 15, 2017, following a motion from Plaintiff's counsel, the Magistrate Judge issued an order allowing Plaintiff's counsel to withdraw from the case, stating that "Plaintiff and Plaintiff's counsel have come to the mutual decision that it is not appropriate for Plaintiff's counsel to remain in the case." ECF No. 17 at 1. Plaintiff was given until September 14, 2017 to locate and name new counsel. Id. Plaintiff did not do so, and now proceeds pro se.

On April 26, 2018, Defendants submitted a motion to compel, asserting that Plaintiff never responded to repeated requests for production.[1] ECF No. 19. Specifically, Defendants contend that they "have not received any correspondence, responses, or objections from the Plaintiff concerning Defendants' discovery requests." Id. at 2. The Magistrate Judge granted Defendants' motion on April 30, 2018. ECF No. 21. The Magistrate Judge gave Plaintiff until May 15, 2018 to respond to discovery requests. Id.

On May 16, 2018, Defendants filed a motion for sanctions and to dismiss for failure to prosecute pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. ECF No. 23. On May 17, 2018 the Magistrate Judge issued an order directing Plaintiff to show cause as to why the case should not be dismissed, and gave Plaintiff until May 30, 2018 to respond. ECF No. 24. Plaintiff was informed that his failure to respond would result in a recommendation that the case be dismissed. Id.  Plaintiff filed no response.

---

[1] Defendants allege that they initially served Plaintiff with discovery requests on January 17, 2018. ECF No. 19 at 1. Following Plaintiff's counsel's withdrawal, Defendants served the same discovery requests via mail to Plaintiff's listed address. Id. at 2.

## II.      MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 4, 2018, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. ECF No. 29. Specifically, the Magistrate Judge stated that Plaintiff's "failure to comply with the court's orders" indicates that "Plaintiff does not intend to pursue the above-captioned matter." Id. at 3. Pursuant to Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Report and Recommendation. Id. at 4.

### A. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

Plaintiff filed a document docketed as an objection to the Report and Recommendation on June 5, 2018. ECF No. 31. Plaintiff's filing does not indicate that the Magistrate Judge made any errors in her Report and Recommendation. Rather, Plaintiff states the following:

> I currently am without legal counsel, which has rendered me ineffective in prosecuting my case. My lack of knowledge in this matter is being interpreted as a failure to comply. The Law Firm of Riley Pope & Laney is now asking for me to pay the legal fees of their clients who I believed violated my civil rights. I am asking that the court consider these factors as a reasonable attempt to explain my failure to act.

Id. at 1.

### B. Defendants' Reply

Defendants filed a reply to Plaintiff's filing on June 19, 2018. ECF No. 32. Defendants contend that Plaintiff did not actually object to the Magistrate Judge's Report and Recommendation. Id. at 2. Furthermore, Defendants assert that Plaintiff's "explanations do not excuse the repeated failures to respond to discovery requests" and that "every step of the way, Plaintiff was clearly instructed on what [he] was required to [do to] comply with the court rules. . . ." Id.

### III.   LEGAL STANDARDS

#### A.  Review of the Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

#### B.  Dismissal for Failure to Prosecute

Courts have "inherent power" to dismiss cases for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). The Federal Rules of Civil Procedure also allow a court to dismiss a case for a lack of prosecution. Fed. R. Civ. P. 41(b). Regardless, such power cannot be "automatically or mechanically applied." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974).

### IV.   ANALYSIS

The court finds that Plaintiff's objections are general and conclusory. Plaintiff's objections do not specifically mention the Report and Recommendation, nor do the objections identify any error of law.  The court, therefore, reviews the Report and Recommendation for

clear error. The court finds no clear error. The court finds that this matter should be dismissed without prejudice.

## V. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference to the extent that it is not inconsistent with this order. ECF No. 29. Defendants' motion is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: October 12, 2018

Columbia, South Carolina